## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Comcast of Southern New England, Inc.** ) | Case No.: **1:05-cv-11458-RCL** |
| ) | |
| Plaintiff, ) | **MOTION TO VACATE DEFAULT AND** |
| ) | **EXTEND TIME FOR SERVICE** |
| vs. ) | **PURSUANT TO F.R.C.P. 4 (m)** |
| ) | |
| **Peter Grant** ) | |
| ) | |
| Defendant | |

Now comes the Plaintiff in the above-entitled action, and, moves this Court for an Order vacating the Default entered against this Defendant and extending the time to make service upon the Defendant pursuant to Federal Rule Civil Procedure 4 (m) to a date 45 days after this Court's order on this Motion. The Plaintiff asserts that there is good cause for the failure to make service or to certify the service has been made to date in that:

1. The Complaint was filed on or about July 11, 2005.

2. Summons was issued dated July 11, 2005.

3. Documents for service were sent to a sheriff on or about July 13, 2005.

4. The sheriff's service states that he made abode service on or about July 19, 2005. (see a copy of Deputy Sheriff's Return of Service for Peter Grant marked **Exhibit A**, attached hereto, and made a part hereof).

5. On or about September 20, 2005, this Court entered default against the Defendant, *sua sponte*.

6. In the Complaint and in the Summons, Plaintiff's Counsel utilized a Lowell, MA address for the Defendant, the last address Plaintiff's Counsel had for the

       Defendant and an address where Plaintiff's Counsel had sent correspondence to in 2004 where said correspondence was not returned by the Post Office.

7. Plaintiff's Counsel, in preparing for Default Judgment, took note of the fact that the Court's notice to the Defendant was returned. Take note of the fact that the sheriff has not informed Plaintiff's Counsel that any mailing he made was returned.

8. Upon further investigation, it appears that the Defendant has now moved to 6 Quail Ridge; Concord, New Hampshire.

9. In light of the fact that Plaintiff's Counsel believed Defendant's address was accurate, and in light of the fact that Plaintiff's Counsel justifiably relied on the sheriff's return, there is now good cause to extend the time for service.

10. Additionally, in light of the facts now known to Plaintiff's Counsel, Plaintiff cannot in good faith allow the Default to remain in effect and Plaintiff's Counsel hereby moves to vacate the Default entered.

11. The Plaintiff needs additional time to properly effectuate service on Defendant Peter Grant in New Hampshire.

12. Should this Motion be granted, the Plaintiff intends to amend the Complaint and seek a new Summons utilizing the Defendant's New Hampshire address.

In further support of this Motion the Plaintiff offers the affidavit of Attorney John M. McLaughlin.

| | |
|---|---|
| <u>12/7/2005</u> | <u>/s/ John M. McLaughlin</u> |
| Date | John M. McLaughlin (BBO: 556328) |
| | **Green, Miles, Lipton & Fitz-Gibbon LLP** |
| | 77 Pleasant Street |
| | P.O. Box 210 |
| | Northampton, MA 01061-0210 |
| | Tel: (413) 586-0865 |
| | Fax: (413) 584-6278 |

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Massachusetts

Comcast of SNE, Inc.

V.

Peter Grant

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **05-11458 RCL**

TO: (Name and address of Defendant)

Peter Grant
20 Woodland Drive
Unit 377
Lowell, MA 01852

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John M. McLaughlin
Green, Miles, Lipton & Fitz-Gibbon LLP
P. O. Box 210
77 Pleasant Street
Northampton, MA 01061-0210
(413) 586-0865

an answer to the complaint which is herewith served upon you, within _ **twenty (20)** _ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.



SARAH A. THORNTON

CLERK                                                                DATE   July 11 2005

Marie A_____
(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |



Middlesex Sheriff's Office • Civil Process Division, P.O. Box 7135, Lowell, MA 01852-0135 • (978) 452-3221

*Middlesex, ss.*

July 19, 2005

I hereby certify and return that on 7/18/2005 at 1:16PM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET in this action in the following manner: To wit, by leaving at the last and usual place of abode of PETER GRANT, , 20 WOODLAND Drive UNIT 377 Lowell, MA 01852 and by mailing 1st class to the above address on 7/19/2005. Attest ($10.00), Basic Service Fee ($20.00), Conveyance ($0.90), Postage and Handling ($3.00), Travel ($16.00) Total Charges $49.90

_____
Deputy Sheriff

STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
              Date              Signature of Server

                              _____
                              Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **Comcast of Southern New England, Inc.** | ) | Case No.: **03cv12393 RCL** |
| | ) | |
| Plaintiff, | ) | **AFFIDAVIT OF JOHN M.** |
| | ) | **MCLAUGHLIN IN SUPPORT OF THE** |
| vs. | ) | **MOTION TO VACATE DEFAULT AND** |
| | ) | **EXTEND TIME FOR SERVICE** |
| **Peter Grant** | ) | **PURSUANT TO F.R.C.P. 4 (m)** |
| | ) | |
| Defendant | ) | |

Now comes John M. McLaughlin, Attorney for the Plaintiff in the above-entitled action, and, on oath, states the following:

1. The Complaint was filed on or about July 11, 2005.

2. Summons was issued dated July 11, 2005.

3. Documents for service were sent to a sheriff on or about July 13, 2005.

4. The sheriff's service states that he made abode service on or about July 19, 2005.

5. On or about September 20, 2005, this Court entered default against the Defendant, *sua sponte.*

6. In the Complaint and in the Summons, I utilized a Lowell, MA address for the Defendant. This was the last address I had for the Defendant and it was the address I used when I sent correspondence to him in 2004. Said correspondence was not returned by the Post Office.

7. In preparing for default judgment, I took note of the fact that the Court's notice to the Defendant was returned, but the sheriff has not informed me that any mailing he made was returned.

8. Upon further investigation, it appears that the Defendant has now moved to 6 Quail Ridge, Concord, NH.

9. I need additional time to properly effectuate service on Defendant Peter Grant in New Hampshire.

10. Should this Motion be granted, I intend to amend the Complaint and seek a new Summons utilizing the Defendant's New Hampshire address.

Subscribed and sworn to, under the pains and penalties of perjury, this 7th day of December, 2005.

                                                <u>/s/ John M. McLaughlin</u>
                                                John M. McLaughlin